# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

### No. 22-2392

### CELLCO PARTNERSHIP, Appellee

### v.

### WHITE DEER TOWNSHIP
### ZONING HEARING BOARD, Appellant

On Appeal from the U.S. District Court for the
Middle District of Pennsylvania
Civil Action No. 4-20-cv-02438

### APPELLANT'S REPLY BRIEF

Susan J. Smith, Esquire
The Law Office of Susan J. Smith
319 N. 24th Street
Camp Hill, PA  17011
ssmith@sjsmithlaw.com
(717) 763-1650

TABLE OF CONTENTS

1. Table of Citations ................................................................... iii

2. Reply Argument ....................................................................... 1

   I. The Telecommunications Act expressly provides for the "preservation of local zoning authority." The Pennsylvania Municipalities Planning Code (MPC) enables the adoption and administration of a zoning ordinance by municipalities, provides for the variance as the means to obtain relief from its provisions, and expressly requires that the grant of variance must rest on the making of five statutory findings based on substantial evidence of record ........................................... 2

   II. This Court recognized that a bona fide local zoning concern can drive a zoning decision without violation of the TCA, thereby recognizing the legal effect of TCA Section 332(c)(7)(A)'s express preservation of local zoning authority ....................................................... 3

   III. The White Deer Township Zoning Hearing Board's Decision does not violate either this Court's "least intrusive" standard or the FCC 2018 Declaration's "materially inhibits" standard ........................................... 5

   IV. White Deer Township Zoning Hearing Board raised and preserved below the issue that its Decision did not violate the TCA where Cellco asserted that state actor DCNR had announced a moratorium – itself in violation of the TCA – on the availability of its lands (admitted by Cellco to be suitable) for the placement of telecommunications facilities to meet a gap in service ................................................................................ 5

3. Conclusion .............................................................................. 7

   Certificate of Counsel ............................................................. 9

   Certificate of Word Count ...................................................... 9

Identical PDF and Hard Copy Certificate ................................... 9

Certificate of Virus Scan ............................................................... 9

Certificate of Service ................................................................... 10

# TABLE OF CITATIONS

**Cases:**

*APT Pittsburgh Ltd. Partnership v. Penn Township,*
    196 F.3d 469 (3d Cir. 1999) .................................................................. 4

*AT&T Wireless PCS, Inc. v. Virginia Beach,*
    153 F.3d 423 (4th Cir. 1998) .................................................................. 4

*Fairview Twp. v. Fairview Two. Zoning Hearing Bd.,*
    233 A.3d 958 (Pa. Cmwlth. 2020) ..................................................... 2, 7

*Omnipoint Corp. v. Zoning Hearing Bd. of Pine Grove Twp.,*
    181 F.3d 403 (3d Cir. 1991) ................................................................... 3

*Sprint Spectrum, L.P. v. Willoth*, 176 F.3d 630 (2d Cir 1999) ....................... 4

**Statute, Law, Etc.:**

*In the Matter of Accelerating Wireless Broadband Deployment by*
    *Removing Barriers to Infrastructure Invest.*,
    33 F.C.C.R. 9088 (2018) ........................................................................ 2

Telecommunications Act of 1996 (TCA)
    47 U.S.C. §332(c)(7)(A) ................................................................ 1, 3, 6
    47 U.S.C. §332(c)(7)(B)(i)(II) .......................................................... 3, 7

Pennsylvania Municipalities Planning Code, 53 P.S. §10101, *et seq.*
    53 P.S. §10910.2 ..................................................................................... 6

# REPLY ARGUMENT

White Deer Township Zoning Hearing Board, in an exercise of *bona fide* zoning powers fundamental to the administration of municipal land use policy recognized in the nation's and in Pennsylvania's lexicon for more than a century and expressly preserved by Section 332(c)(7) of the Telecommunications Act of 1996, lawfully denied the Application of Cellco for variances from the Zoning Ordinance for its proposed placement of a telecommunications facility use.

White Deer Zoning Township Hearing Board is not operating under a "misperception" as to the issue before the Court (as Cellco has asserted). The issue before the Court is whether scope of TCA's express preservation of local zoning authority is to be informed by long-established Pennsylvania statutory law and jurisprudence relating to the zoning matter at issue – in this case an application for variances from the requirements of the Zoning Ordinance, where Cellco failed to satisfy its burden of proof for the Zoning Hearing Board to make requisite findings for the grant of variance for the subject property; admitted that it had considered only privately-owned properties and not state-owned properties suitable for placement of its telecommunications facilities; and asserted entitlement to variance relief on allegation of a TCA violation in reliance on a third party state actor's

declaration of a moratorium (unlawful under the TCA) as to the use of its properties[1] – admitted by Cellco to be suitable to meet its needs – for the proposed telecommunications facilities.

> I. **The Telecommunications Act expressly provides for the "preservation of local zoning authority." The Pennsylvania Municipalities Planning Code (MPC) enables the adoption and administration of a zoning ordinance by municipalities, provides for the variance as the means to obtain relief from its provisions, and expressly requires that the grant of variance must rest on the making of five statutory findings based on substantial evidence of record.[2]**

White Deer Township Zoning Hearing Board's Decision was a lawful exercise of its zoning authority under Pennsylvania law. The Zoning Hearing Board incorporates by reference responsive argument set forth in its Brief.

---

[1] The TCA applies equally to State and local governments. In its 2018 Declaratory Order, the FCC enumerated certain actions to violate the TCA, particularly calling out a government moratorium precluding the deployment of telecommunications facilities as unlawful. 2018 Declaratory Ruling at 9102 ¶ 22. The asserted and relied upon DCNR moratorium, an action expressly proscribed by the FCC, falls squarely within the ambit of the TCA preemption.

[2] A zoning hearing board in Pennsylvania considering an application for variance does not function in a vacuum. The controlling opinions of the Pennsylvania appellate courts and long-existing legal principles articulated by these courts, also inform its decisions. *See, e.g. Fairview Twp. v. Fairview Twp. Zoning Hearing Bd.*, 233 A.3d 958 (Court reversed the grant of a variance upon view of a record that lacked support for a requisite finding of hardship).

**II.    This Court recognized that a *bona fide* local zoning concern can drive a zoning decision without violation of the TCA, thereby recognizing the legal effect of TCA Section 332(c)(7)(A)'s express preservation of local zoning authority.**

White Deer Township Zoning Hearing Board's Decision did not violate the TCA. In addition to argument below, the Zoning Hearing Board incorporates responsive argument set forth in its Brief.

Cellco seeks to limit the applicability of the fundamental principle articulated by this Court in *Omnipoint Corp. v. Zoning Hearing Bd. of Pine Grove Twp*., 181 F.3d 403, 408 (3d Cir. 199). In *Omnipoint,* this Court affirmatively recognized that "[S]ection 332(c)(7)(B)(iii) of the TCA is not intended to supplant the substantive standards to be applied under state or local law." *See also authority cited in the Brief.* The foregoing judicial pronouncement is compelled by the TCA, which Congress enacted intentionally with an express provision for the preservation of local zoning authority. Its applicability is not diminished simply upon applicant's establishment of a need and particularly, as is the circumstance here, where there is other equally suitable property which Cellco admitted to making the business decision to not consider. Cellco's argument that it has met a "least intrusive" standard is not satisfied by its unilateral decision to ignore other suitable property merely because owned by a state actor which unilaterally announced a moratorium on the use of its properties for telecommunications facilities.

3

Contrary to Cellco's assertion, *APT Pittsburgh Ltd. Partnership v. Penn Township*, 196 F.3d 469, 475, 479 (3d Cir. 1999), supports White Deer Township Zoning Hearing Board's position. Upon applying Pennsylvania law, this Court reversed the trial court's grant of complaint that the municipality's denial of an exclusionary zoning claim violated the TCA. Critically, this Court admonished that:

> "[i]nterpreting the TCA's 'effect of prohibiting' clause to encompass every individual zoning denial simply because it has the effect of precluding a specific provider from providing wireless services [ ] would give the TCA preemptive effect well beyond what Congress intended. . . . To [construe the 'effect of prohibiting' clause otherwise] would provide wireless service providers with a wildcard that would trump any adverse zoning decision that impaired their ability to provide wireless service, and would thereby create the proverbial 'exception that swallowed the rule' that would be entirely inconsistent with § 337(c)(7)'s structure.

*Id*. at 478, *citing c.f. Sprint Spectrum, L.P. v. Willoth*, 176 F.3d 630, 639 (2d. Cir. 1999) (rejecting similar claim "because it would require court to 'read the TCA to allow the goals of increased competition and rapid deployment of new technology to trump all important considerations, including the preservation of the autonomy of state as and municipalities.") and *AT&T Wireless PCS, Inc. v, Virginia Beach*, 153 F.3d 423, 428 (4th Cir. 1998) ("Any reading of subsection (B)(i)(II) that allows the subsection to apply to individual decisions would effectively mollify local authority by mandating approval of all (or nearly all) applications . . . ."). Cellco's "least intrusive means" argument fails where it made the business decision to not consider properties suitable for its needs owned by a third party state actor who unilaterally

4

announced a moratorium on the telecommunications use of its properties (unlawful under the TCA) and, instead, chose to site its facilities on a property constrained by residential use and dimensions that rendered it non-compliant with the requirements of the Zoning Ordinance for the use and where it failed to meet its burden of proof for the grant of relief in the form of multiple variances. To conclude otherwise would "give the TCA preemptive effect well beyond what Congress intended," a legal consequence against which the Court admonished in *APT Pittsburgh*.

III.   **The White Deer Township Zoning Hearing Board's Decision does not violate either this Court's "least intrusive" standard or the FCC 2018 Declaration's "materially inhibits" standard.**

White Deer incorporates by reference responsive argument made in its Brief.

IV.   **White Deer Township Zoning Hearing Board raised and preserved below the issue that its Decision did not violate the TCA where Cellco asserted that state actor DCNR had announced a moratorium – itself in violation of the TCA – on the availability of its lands (admitted by Cellco to be suitable) for the placement of telecommunications facilities to meet a gap in service.**

In its Decision, White Deer Township Zoning Hearing Board made the following relevant findings and conclusions:

> The only possible violation of the TCA there could be would be if the Ordinance had the effect of prohibiting the provision of personal wireless services . . . . In this matter a large amount of property in the district would qualify for the location of a wireless telecommunications facility from a zoning prospective [sic], and that includes property situate in a location that fills the "gap . . ." The records shows that all of this qualifying property is owned by the Commonwealth of Pennsylvania and administered by DCNR as a state instrumentality. Obviously, the Commonwealth of Pennsylvania and DCNR cannot prohibit or administrate its property in a way that has the effect of prohibiting the provision of personal wireless service without violating the TCA . . . . The Board is authorized to consider bona fide zoning concerns with the requested relief of a variance to the dimensional requirements of the Ordinance in connection with the subject property. . . ."

Appx223-224.

In its Brief to the trial court, the Zoning Hearing Board argued that the Decision of the Zoning Hearing Board falls squarely within its authority preserved by the TCA. It further argued that Cellco calls upon the Court to eviscerate TCA Section 332(c)(7)(A)'s express preservation of local zoning authority by rendering as legal nullities Section 910.2 of the MPC (Pennsylvania law requiring certain findings for the grant of a variance) and long-established principles articulated by the Pennsylvania appellate courts relating to variances and binding on a zoning hearing board (hardship arising from the property itself).

In its argument to the trial court, the Zoning Hearing Board recited at length the controlling appellate law in Pennsylvania addressing the interplay between the relevant sections of the TCA – Section 332(c) (preservation of zoning authority) and 332(c)(7)(B)(i)(II) (prohibition of the provision wireless services) – and long-established Pennsylvania variance law in the context of an application for variances for a wireless service facility - *Fairview Twp. v. Fairview Twp. Zoning Hearing Bd.*, 233 A.3d 958, 965-972 (Pa. Cmwlth. 2020).

In *Fairview Township*, the Commonwealth Court re-affirmed, as controlling law, that before granting a variance a zoning hearing board must make the requisite fundamental finding of a hardship of the property for which the variance is sought. The Commonwealth Court expressly rejected

> authorizing a cell tower simply because a provider has a gap in coverage, or needs to expand, densify or otherwise improve its coverage, effectively means that the insufficiency in coverage is a hardship entitling the provider to a variance. This cannot be the case, however, as such a "hardship" is an economic hardship. The hardship must be to the property, not the person." *See Yeager v. Zoning Hearing Bd. of Allentown*, 779 A.2d 595, 598 (Pa. Cmwlth. 2001) (stating that a variance "is appropriate only where the *property*, not the person, is subject to hardship") (emphasis in original) (internal quotation marks and citation omitted).

Embedded in the argument made by Brief to the trial court in reliance on the foregoing recited law is that the Zoning Hearing Board, consistent with established authorities and mandates, both made the Decision in consideration of the record made before it relating to the Property that is the subject of the requested variances

7

and rejected Cellco's argument that its business decision to consider only privately owned lands and not to consider stated-owned property admitted to be suitable to fill its gap in service because of state actor DCNR's unilateral moratorium – itself operating as a violation of the TCA – supported the grant of variances either under Pennsylvania variance law or as a preemption of local zoning authority claim under the TCA. Appx124,140, 142, 144-145.

## CONCLUSION

Based on the foregoing argument, Appellant White Deer Township Zoning Hearing Board respectfully requests this Honorable Court enter an Order reversing the Judgment of the United States District Court for the Middle District of Pennsylvania, and reinstate the Written Decision of the White Deer Township Zoning Hearing Board.

                                                Respectfully submitted,

Date: January 6, 2023                 /s/ Susan J. Smith
                                                Susan J. Smith, Esquire
                                                Attorney for Appellant

## CERTIFICATE OF COUNSEL

I, Susan J. Smith, Esquire, hereby certify that I am a member of the bar of the Third Circuit Court of Appeals.

## CERTIFICATE OF WORD COUNT

I hereby certify that this brief consists of approximately 1,875 words (calculated via Microsoft Word) and does not exceed the 6,500 word limit.

## IDENTICAL PDF AND HARD COPY CERTIFICATE

I hereby certify that the PDF file and hard copies of this brief are identical.

## CERTIFICATE OF VIRUS SCAN

This electronic filing of the Brief and Appendix have been scanned during preparation and upon sending by Webroot software and no viruses were detected.

Respectfully Submitted,

/s/ Susan J. Smith
Susan J. Smith, Esquire
Attorney for Appellant

# **CERTIFICATE OF SERVICE**

      I, Susan J. Smith, Esquire, do hereby certify that on this date, January 6, 2023, I served a true and correct copy of the Appellant's Reply Brief upon:

COUNSEL FOR THE APPELLEE
VIA ECF:

Scott H. Angstreich, Esq.
Kellogg Hansen Todd Figel & Frederick
1615 M Street, N.W.
Sumner Square, Suite 400
Washington, DC  20036

James Ruck, Esq.
Kellogg Hansen Todd Figel & Frederick
1615 M Street, N.W.
Sumner Square, Suite 400
Washington, DC  20036

Kevin M. Walsh, Jr., Esq.
Hourigan Kluger & Quinn
600 Third Avenue
Kingston, PA  18704

Scott E. Coburn, Esquire
Pennsylvania State Association of Township Supervisors
4855 Woodland Drive
Enola, PA  17025

                                          Respectfully Submitted,

                                           /s/ Susan J. Smith
                                          Susan J. Smith, Esquire
                                          Attorney for Appellant